

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-31-2006

# Lindsay v. Chesney

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4900

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lindsay v. Chesney" (2006). *2006 Decisions.* Paper 1018.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1018

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-177                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4900
_____

MELVIN X. LINDSAY,

Appellant

v.

SUPT. JOSEPH W. CHESNEY; JOHN SOMMERS;
CHARLES ERICKSON; DAVID WILDE, Captain;
Lt. J. R. BUBB; OFFICER OMAR HAMILTON; JOHN MACK;
JEFFREY BEARD; MICHAEL FARNAN, Chief Counsel

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 04-cv-0180)
District Judge: Honorable William W. Caldwell

Submitted for Possible Dismissal under 28 U.S.C. § 1915(e)(2)(B)
March 30, 2006

BEFORE: ROTH, FUENTES and VAN ANTWERPEN, CIRCUIT JUDGES.

(Filed: May 31, 2006 )

_____

OPINION

_____

PER CURIAM

Melvin X. Lindsay appeals the order of the United States District Court for the Middle District of Pennsylvania granting summary judgment in favor of the defendants in his in forma pauperis civil rights action. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

In January 2004, Lindsay filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that the defendants placed him in administrative custody and transferred him to another correctional facility in retaliation for filing a religious accommodations request asserting his First Amendment right to practice his Nation of Islam faith. Lindsay sought injunctive and declaratory relief, and damages. In response, the defendants filed a motion for summary judgment asserting that Lindsay was placed in administrative custody and transferred because he was attempting to engage in unauthorized group activities at the prison. Lindsay did not respond to the defendants' motion.

The District Court adopted the report and recommendation of the magistrate judge and granted defendants' motion.[1] Lindsay timely filed a notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Having granted Lindsay leave to proceed in forma pauperis on appeal, we must now determine whether

---

[1] The District Court dismissed Lindsay's motion to compel return of legal material and to interview a witness. The District Court determined that Lindsay failed to specifically identify what the legal material was in the motion. Also, the District Court questioned the relevance of the witness' testimony and noted that Lindsay had ample time to obtain this evidence during the extended discovery period. We agree with the District Court's disposition of the motion.

his appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  An appeal may be dismissed under § 1915(e)(2)(B) if it has no arguable basis in law or fact.  See Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Summary judgment is proper only if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.  See Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of a genuine issue for trial.  Id.

In order to state a claim for retaliation under § 1983, a plaintiff must allege that (1) the conduct which led to the alleged retaliation was constitutionally protected; (2) he suffered some "adverse action" at the hands of prison officials; and (3) there was a causal connection between the exercise of his constitutional rights and the adverse action taken against him.  See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001).

In the accommodations request, Lindsay requested separate Nation of Islam services, or wanted the group to be allowed to meet.  Lindsay does have a constitutional right to ask for religious accommodations and to engage in some religious activities.[2]  See, e.g., O'Lone v. Shabazz, 482 U.S. 342, 348 (1987).  Moreover, contrary to the

---

[2] This right to worship, however, does not necessarily entail an unlimited right to group worship, especially when such an exercise poses "the likelihood of disruption to prison order or stability, or otherwise interfere[s] with the legitimate penological objectives of the prison environment."  See Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 132 (1977); see also Rauser, 241 F.3d at 334.

District Court's ruling below, Lindsay's confinement in administrative custody and transfer to another facility could constitute "adverse actions" for purposes of a retaliation claim. See Allah v. Seiverling, 229 F.3d 220, 224 (3d Cir. 2000) (holding that retaliation may be actionable even when the retaliatory action does not involve a liberty interest).

However, Lindsay cannot show a causal connection between his filing the religious accommodations request and the defendants' alleged retaliation against him. It is mere speculation on Lindsay's part that he was placed in administrative custody and transferred to another facility as a direct result of his accommodations request or his desire to practice his religion. To the contrary, the defendants presented evidence that Lindsay was punished for engaging in unauthorized group activity. See Def.'s Br., 5. Lindsay has not set forth any facts or evidence as required by the summary judgment standard to contradict the defendants' evidence. See Saldana, 260 F.3d at 232. The defendants averred that some groups, including the Nation of Islam and the Aryan Brotherhood, have a history of militant activity in prison. See Def.'s Br., 7. Thus, prison officials are vigilant in enforcing the ban on unauthorized group activity, especially in a setting where religious and racial tensions intersect. Unquestionably, Lindsay's right to engage in religious activity is not so broad as to encompass an unlimited right to engage in whatever unauthorized group meetings he wishes. See Jones, 433 U.S. at 132. For instance, inmates may not congregate, hold group meetings, or form any organizations without prior approval from the superintendent. See Def.'s Br., 7. As a result of

4

Lindsay's actions, which are not disputed, the defendants placed him in administrative custody and ultimately transferred him to another facility. See Def.'s Br., 8. Lindsay's retaliation claim fails because the defendants established that they "would have made the same decision[s] absent [Lindsay's filing the accommodations request] for reasons reasonably related to a legitimate penological interest" which, here, would be crime deterrence and institutional security. See Rauser, 241 F.3d at 334.

Because Lindsay did not meet his burden of producing evidence of a genuine issue for trial, his appeal will be dismissed under 28 U.S.C. § 1915(e)(2)(B) for lack of legal merit.